IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| FRANCISCO MENDOZA, INC., | : | Case No. 07-01474 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| COMMERCIAL MENDOZA, INC., | : | Case No. 07-01476 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| INVERSIONES MENDOZA, INC., | : | Case No. 07-01477 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| INMOBILIARIA MENDOZA DEL NORTE, INC., | : | Case No. 07-01478 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |

DECISION AND ORDER

Before the Court are Westernbank's amended motions for relief from the automatic stay to foreclose collateral, the debtors' opposition and motions to dismiss the requests for relief from stay. For the reasons set forth below, the debtors' requests for dismissal will be denied and the motions for relief from stay will be granted.

Background

The debtors (collectively "the Mendoza Corporations") filed voluntary petitions under Chapter 11 on March 21, 2007. At the time of the filing, the debtors were engaged in the sale of

household furniture and appliances throughout Puerto Rico. On June 15, 2007, the debtors ceased operations at all of their stores.

Westernbank has filed a secured proof of claim in all four cases for $41,831,672.00, claiming, among other things, accounts receivable, inventory, cash collateral, as well as the debtors' real property, as security. More than six years ago, the debtors gave separate, individual and unlimited corporate guarantees to Westernbank, pursuant to which the debtors agreed to be unconditionally, jointly and severally liable for the full indebtedness to Westernbank. The guarantees were signed by the then Treasurer of the debtor corporations and notarized. The debtors also executed Loan and Security Agreements with Westernbank on September 28, 2001, pursuant to which Westernbank agreed to disburse credits and revolving loans to finance the commercial operations of the Mendoza Corporations for the total amount of $43M. The Loan and Security Agreements were signed by the then president of the debtors' board of directors and notarized. Westernbank presently holds at least thirty-four mortgages over twenty-eight real properties in Puerto Rico belonging to the debtors.

Westernbank disbursed the sum of $41,831,672.00 to the debtors. The disbursed sums accrued interest in an amount exceeding $250,000.00 monthly. Although the debtors paid Westernbank approximately $14M in the year prior to filing

bankruptcy, the debtors have made no post-petition payments to Westernbank and the collateral for Westernbank's loans is valued at less than $35M. The debtors have admitted that Westernbank is an undersecured creditor. The Court concludes that Westernbank's security interests are undercollateralized.

Westernbank seeks relief from the automatic stay to foreclose its security interests over the collateral. The parties engaged in significant discovery and the debtors repeatedly sought dismissal of Westernbank's motions for relief from stay for failure to comply with discovery requests. Westernbank waived the thirty day determination period and after various hearings, the Court took the matter under advisement.

While the Court was considering the motions, a third party, Grupo Hima San Pablo, filed an informative motion indicating its interest in purchasing various real properties of the estate for the sum of $21,800,000.00 (dkt. #294). Based on the motion and the fact that the purported offer was for more than the previous appraisals of the properties, the Court ordered the debtor, Inversiones Mendoza, Inc., and Westernbank to respond to the motion(dkt. #297). The debtor informed that it is not interested in selling the property (dkt. #307). Rather, as contemplated in the debtors' plan of reorganization, the debtors desire to lease these properties, hoping to obtain between $1.39M and $1.626M from the lease within the first five years of the plan. Westernbank

3

filed a motion contending that the offer is a windfall (dkt. #312).

Westernbank argues that it would allow the debtors to halve their

debt to Westernbank and could be accomplished while saving nearly

$875,000.00 in real estate commissions.  Westernbank also indicated

that it would finance the purchase of the properties by Grupo HIMA.

Thus, it appearing that Hospital Hima's purported offer for

the  purchase  of  the  property  has  no  bearing  on  this  matter,

especially given the rejection of the offer by the debtors, the

Court will proceed to the merits of the motions for relief from

stay.

<u>Validity of Security Interests in Inventory and Account Receivables</u>

The  debtors  allege  that  the  claims  over  the  inventory  and

accounts receivable of Francisco Mendoza and Comercial Mendoza were

not  properly  signed  and  dated  as  required  by  the  Puerto  Rico

Uniform Commercial Code ("UCC") and are thus invalid.  Of relevance

here, the Laws of Puerto Rico provide that financing statements are

sufficient  if  signed  by  the  debtor  and  if  they  include  a

description of the collateral.  19 L.P.R.A. § 2152(1).  The Laws of

Puerto Rico do not require that a financing statement be dated.

The Court concludes that the existence of a date in a UCC

filing is not essential to a determination of the nature of the

obligation.   Thus,  the  Court  concludes  that  perfection  is  not

dependent upon the inclusion of a date in the financing statement.

In the present case, although the financing statements themselves

4

are not dated, they are date stamped with the date of registration with the Puerto Rico Department of State. Moreover, the riders attached to the financing statements are dated. The Court concludes that Westernbank's secured claims are not invalidated based on any alleged inadequacies in the dating of the financing statements.

With respect to signatures, the Laws of Puerto Rico require the debtor's signature on a financing statement, but do not require that the signature be notarized. The Laws of Puerto Rico specifically indicate that the parties have the option, but not the obligation to have their signatures notarized. 19 L.P.R.A. § 2152. In the present case, the financing statements covering the inventory and accounts receivable are signed by the then treasurer of the Mendoza Corporations. Because authentication is not a mandatory requirement, the Court concludes that the signature of the debtors' treasurer is sufficient.

The signed financing statements, as well as the Loan and Security Agreements, grant Westernbank a security interest. In referring to what is covered by the financing statements, the statements include the words "see schedule attached." In turn, the riders attached to the financing statements, include lists of the collateral covered by the financing statements. The financing statements were filed with the Puerto Rico Department of State. Thus, from the documents submitted, the Court concludes that the

debtors intended to transfer their interests in property as security to Westernbank and the liens against the debtors' inventory and accounts receivable were properly recorded and perfected.

<u>Validity of Security Interests in Cash Collateral</u>

The debtors also allege that the cash collateral over the proceeds of the leases and other income of Inversiones Mendoza and Immobiliaria Mendoza are insufficiently described in the UCC filings and are likewise invalid.  As to the identification of the object of the secured transaction, the Laws of Puerto Rico provide that "any description of personal property . . . is sufficient whether or not it is specific if it reasonably identifies what is described . . ."  19 L.P.R.A. § 2010.  In the present case, the signed UCC forms include all income, interest, profits, rents and proceeds from the mortgaged properties and refer to an attached Schedule A, which includes a listing of the mortgage amounts, the location of the property and the deed numbers.  The Court concludes that the UCC filings reasonably identify the property in which Westernbank took a security interest.  Thus, the Court concludes that the UCC filings over the rents and other income are perfected and valid.


<u>Validity of Security Interests in Real Property</u>

The debtors allege that some of Westernbank's liens over real

property are not duly perfected because they have not yet been recorded. The Court concludes that prepetition, Westernbank presented the deeds over the debtors' real properties for registration in the Registry of Property. The Laws of Puerto Rico require that deeds be recorded by the Registry of Property within sixty days, "except for just cause that is duly justified and admitted by the Director." 30 L.P.R.A. § 2255. The fact that the liens are not yet recorded is due to an ongoing backlog and delay by the Registrar of Property, which does not affect the validity of the liens. Once recorded, the deeds are effective against third parties from the initial date of presentation. 30 L.P.R.A. § 2256. Thus, Westernbank's security interest in the real properties will be considered perfected as of the date of presentation. The Court concludes that Westernbank's claims against the real property are secured.

<u>Merits of Stay Relief</u>

Westernbank primarily moves for relief from stay pursuant to 11 U.S.C. § 362(d)(2). This section provides for relief from the automatic stay in the situation where the debtor does not have equity in the property and where the "property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). Westernbank has the burden of proof as to the debtors' equity in the property. See 11 U.S.C. § 362(g)(1). After the movant has met its burden, pursuant to 11 U.S.C. §362(g), the debtors bear the burden of

demonstrating that the property is "necessary to an effective reorganization" under § 362(d)(2).

The debtors must prove by a preponderance of the evidence that there is "'a reasonable possibility of a successful reorganization within a reasonable time.'" <u>United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc. Ltd.</u>, 484 U.S. 365, 376 (1988)(citations omitted)(<u>quoting</u> In re Timbers, 808 F.2d 363, 370 (5th Cir. 1987)(en banc)). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*." <u>In re Gunnison Center Apartments, LP</u>, 320 B.R. 391 (Bankr. D.Colo. 2005)(emphasis in original).

In the present case, as the Court previously concluded, the debtors have no equity in the real property, inventory nor accounts receivable. The property is fully encumbered. The debtors have filed a joint plan of reorganization, which is premised on the sale of real properties, rents obtained from the leasing of commercial properties and funds obtained from litigation. While the debtors seek to lease various properties, and have sought to employ professionals with expertise in the leasing of commercial properties, the debtors themselves have no expertise in the development of real estate. The evidence presented shows that achieving full value of the properties requires knowledge of the

market, capital to cover carrying costs and time.

The debtors have no income, except for the collection of account receivables, which are encumbered by Westernbank's lien. The Court notes that there are millions of dollars in priority claims, including, among others, claims for income taxes, property taxes, unemployment insurance, worker's compensation and unfunded pension liabilities.  There are also administrative claims accruing.  Moreover, during the bankruptcy case, Westernbank paid $150,000.00 to insure the real properties.  The Court concludes that the debtors have insufficient unencumbered funds to maintain, market, make tax payments and insure the real properties.

The debtors seek to surcharge the collateral for the expenses of maintenance.  To effect their plan, the debtors also seek to use the proceeds of Westernbank's collateral to pay administrative expenses and to litigate various causes of action against Westernbank.  The Bankruptcy Code provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."  11 U.S.C. § 506(c).

"It is the general rule that the unsecured creditors must assume the costs of administering the estate."  In re Parque Forestal, Inc., 949 F.2d 504, 511 (1st Cir. 1991).  See also In re Visual Industries, Inc., 57 F.3d 321, 324 (3d Cir. 1995); In re

Flagstaff Food Service Corp., 739 F.2d 73, 76 (2d Cir. 1984).  As

stated by the Fifth Circuit Court of Appeals:

> In order to charge a secured creditor with administrative
> expenses under § 506(c), three elements must be shown:
> (1) the expenditure was necessary, (2) the amounts
> expended were reasonable, and (3) the creditor benefitted
> from the expenses.  *In re Trim-X, Inc.*, 695 F.2d [296]
> 299 [(7th Cir. 1982)].  The burden of demonstrating these
> elements is on the party seeking recovery.  *See In re
> Flagstaff Foodservice Corp.*, 739 F.2d 73, 77 (2d Cir.
> 1984)("*Flagstaff I*"); *Brookfield Production Credit Ass'n
> v. Borron*, 738 F.2d 951, 952 (8th Cir. 1984).
> . . . Courts have construed the benefit element as
> requiring that the claimant incur the expenses primarily
> for the benefit of the secured creditor and that the
> expenses resulted in a quantifiable direct benefit to the
> secured creditor.  *In re Cascade Hydraulics & Utility
> Service, Inc.*, 815 F.2d 546, 548 (9th Cir. 1987);
> *Brookfield Production*, 738 F.2d at 952; *In re Beker
> Industries Corp.*, 89 B.R. 336, 342 (S.D.N.Y. 1988).
> Indirect or speculative benefits are insufficient.  *In re
> Flagstaff Foodservice Corp.*, 762 F.2d 10, 12 (2d Cir.
> 1985)("*Flagstaff II*").  At the same time, expenses which
> benefit the debtor or other creditors rather than the
> secured creditor himself are immaterial.  *Flagstaff I*,
> 739 F.2d at 76.

In the Matter of Delta Towers, Ltd., 924 F.2d 74, 76-77 (5th Cir

1991).

In the present case, surcharging Westernbank's collateral is

not permissible under 11 U.S.C. § 506(c) because the expenditure of

funds will not create a benefit for Westernbank.  The expenditure

of funds will not improve Westernbank's position.  To the contrary,

allowing the debtors to surcharge the collateral for maintenance,

marketing, tax payments, insurance and other administrative

expenses, will deteriorate the value of Westernbank's liens.

The Court concludes that the debtors' proposed reorganization,

in an entirely different line of business than that which the debtors operated at the time of the filing of the bankruptcy petitions, is highly speculative.  Likewise, the Court concludes that the debtors have failed to prove that there is a reasonable possibility of a successful reorganization within a reasonable time.  The debtors have failed to demonstrate that the encumbered property is necessary for an effective reorganization.  Thus, grounds exist for granting Westernbank relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

Debtors' Defenses

The debtors filed various motions to dismiss the motions for relief from stay based on allegations that Westernbank failed to comply with the debtors' discover requests.  The Court concludes that Westernbank sufficiently complied, delivering far more documentation than would generally be required in a hearing of this nature.  Accordingly, the debtors' requests for dismissal on this basis will be denied.

The debtors also claim alternatively, that there are grounds for equitable subordination or avoidance of Westernbank's liens, under theories of deepening insolvency, insider behavior or other grounds.  To the extent that the debtors may have causes of action against Westernbank in tort for deepening insolvency or a claim for lender liability, granting Westernbank relief from stay will not prevent the debtors from pursuing these claims.  The Court also

11

concludes that money damages are an adequate remedy should Westernbank be held liable under any of the debtors' theories.

ORDER

WHEREFORE IT IS ORDERED that the debtors' motions to dismiss Westernbank's requests for relief from the automatic stay are DENIED.

IT IS FURTHER ORDERED that Westernbank's amended motions for relief from the automatic stay are GRANTED pursuant to 11 U.S.C. § 362(d)(2), to foreclose against its collateral.

SO ORDERED.

San Juan, Puerto Rico, this 7th day of November, 2007.

BY THE COURT:

s/Gerardo A. Carlo
GERARDO A. CARLO
U.S. Bankruptcy Judge